<div style="writing-mode: vertical">United States District Court
Northern District of California</div>

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 SAN JOSE DIVISION

7

| | |
|---|---|
| GLEN HARNISH, individually and on behalf of a class of others similarly situated, | Case No.  5:14-CV-02321-EJD |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STAY PROCEEDINGS** |
| v. | |
| FRANKLY CO., a Delaware corporation | **[Re: Dkt. No. 11]** |
| Defendant. | |

Presently before the Court are Defendant Frankly Co.'s ("Defendant") Motion to Dismiss

Plaintiff Glen Harnish's ("Plaintiff") Complaint, or in the alternative, Motion to Stay Proceedings.

The Court found these matters suitable for decision without oral argument pursuant to Civil Local

Rule 7-1(b) and previously vacated the hearing.  Having reviewed the parties briefing, the Court

DENIES Defendant's Motion to Dismiss and Motion to Stay Proceedings.

**I.       BACKGROUND**

Defendant operates "Frankly App," a free mobile chat application that allows friends, co-

workers, family members, and personal contacts to communicate openly, safely, and privately.

Dkt. No. 11, Mot. at 1.  The Frankly App enables users to send "ephemeral" text messages to other

Frankly users that are designed to disappear after ten seconds.  Dkt. No. 21, Opp. at 2.  Frankly

App users can select contacts from their mobile devices' contact lists, and send those selected

1

friends or contacts a text message inviting them to download the Frankly App.  Mot. at 3.

Plaintiff alleges that on May 15, 2014, he received an unsolicited text message from Defendant.  Dkt. No. 1, Compl. at ¶ 16.  The "from" field of the text message was identified as short code "27367," and the message read: "I want to share disappearing photos & text with you! Get it & add me:nni66 franklychat.com/c—Alex . . ."  Id. at ¶ 17.  Plaintiff alleges that he did not consent to the receipt of this text message.  Id. at ¶ 19.

Plaintiff brings forth this class action suit alleging that a new type of bulk marketing is delivered via text messages through "short codes" and "long codes" allowing cellular telephone subscribers to send and receive text messages.  Id. at ¶ 12.  These text messages are transmitted to a wireless device as calls.  Id. at ¶ 13.  Plaintiff alleges that unlike conventional advertisements, this type of wireless spam invades privacy and cost recipients money since cell phone users must pay for each text message received or is deducted from their text message plan.  Id. at ¶ 14.  Since at least 2014, Defendant has allegedly directed mass transmission of wireless spam to cell phones nationwide, including Plaintiff's.  Id. at ¶ 15.

Plaintiff commenced the instant class action on May 19, 2014, alleging a single claim of violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.  See Dkt. No. 1.[1]  Defendant filed the instant motion to dismiss in June 2014.  See Dkt. No. 11.  Plaintiff filed an opposition brief, and Defendant filed a reply brief.  See Dkt. Nos. 21, 24.[2]

## II.        LEGAL STANDARD

### A.        Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the

---

[1] On February 13, 2015, the Court granted the parties' stipulation to change the case caption from TicToc Planet, Inc. to Frankly Co.  See Dkt. No. 43.
[2] Additionally, the parties filed four statements of recent decisions.  See Dkt. Nos. 32, 35, 40, 41. Most of the decisions were not considered in this opinion because they are not binding, not persuasive, or are from outside this district.  Those decisions this Court found to be persuasive are cited herein.

Case No.  5:14-CV-02321-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STAY PROCEEDINGS

1   complaint with sufficient specificity to "give the defendant fair notice of what the . . . claim is and

2   the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

3   quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if

4   it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal

5   under Rule 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal

6   theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v.

7   New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block,

8   250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a

9   claim, the court must accept as true all of the factual allegations contained in the complaint.

10   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual

11   allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

12   that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). However, mere

13   conclusions couched as factual allegations are not sufficient to state a cause of action. Papasan v.

14   Allain, 478 U.S. 265, 286 (1986).

**B.**    **Motion to Stay Proceedings**

15

16      "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a

17   complaint without prejudice pending the resolution of an issue within the special competence of

18   an administrative agency." Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008).

19   This doctrine allows the Court to determine that "an otherwise cognizable claim implicates

20   technical and policy questions that should be addressed in the first instance by the agency with

21   regulatory authority over the relevant industry rather than by the judicial branch." Id. (citing

22   Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d 775, 780 (9th Cir. 2002)). "[I]t

23   is to be used only if a claim requires resolution of an issue of first impression, or of a particularly

24   complicated issue that Congress has committed to a regulatory agency, and if protection of the

25   integrity of a regulatory scheme dictates preliminary resort to the agency which administers the

26

27

28

Case No. 5:14-CV-02321-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STAY
PROCEEDINGS

*United States District Court*
*Northern District of California*

1   scheme." Id. (internal quotations and citations omitted).

2   **III.   DISCUSSION**

3       In its motion, Defendant argues that Plaintiff's complaint should be dismissed because he

4   failed to sufficiently plead a TCPA claim. Mot. at 2. Alternatively, Defendant argues that based

5   on the doctrine of primary jurisdiction, this action should be stayed because the Federal

6   Communications Commission ("FCC") is considering some aspects of the TCPA that are

7   implicated in this action. Id. at 10. Each motion will be addressed in turn.

8       **A.   Motion to Dismiss for Failing to Sufficiently Plead a TCPA Claim**

9       The TCPA prohibits persons from using an automatic telephone dialing system ("ATDS")

10  to make a call to a cellular phone or any phone number for which the recipient is charged for the

11  call, unless the recipient provides express consent. 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to allege

12  a TCPA claim, a plaintiff must show that (1) the defendant called a telephone number; (2) using an

13  ATDS; (3) without the recipient's prior express consent. Meyer v. Portfolio Recovery Assoc.,

14  LLC, 707 F.3d 1036, 1043 (9th Cir. 2012). Here, Defendant only challenges Plaintiff's

15  allegations as to the second element: the use of an ATDS.

16      An ATDS is "equipment which has the capacity—(A) to store or produce telephone

17  numbers to be called, using a random or sequential number generator; and (B) to dial such

18  numbers." 47 U.S.C. § 227(a)(1). The FCC has found that equipment having "the capacity to dial

19  numbers without human intervention," including predictive dialers, falls under the definition of an

20  ATDS. In re Rules and Regulations Implementing the Telephone Consumer Protection Act of

21  1991, 18 FCC Rcd. 14014, 14017 (2003) (emphasis omitted). The Ninth Circuit interprets the

22  definition of an ATDS with a focus on whether the equipment has the *capacity* to store, produce,

23  and dial telephone numbers, but it is not necessary for a system to actually store, produce or call

24  those telephone numbers. See Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir.

25  2009). Ultimately, the Ninth Circuit emphasizes that the statutory language defining an ATDS "is

4

United States District Court
Northern District of California

1    clear and unambiguous." Id. (citing 47 U.S.C. § 227(a)(1)).

2         In its motion, Defendant contends that Plaintiff's allegations are insufficient to plausibly

3    allege the use of an ATDS. Mot. at 9. It argues that Plaintiff's contact, "Alex," sent the text

4    message, thus the message was not randomly generated by an ATDS. Id. at 10. In opposition,

5    Plaintiff argues that, at this stage, he does not need to prove the use of an ATDS, but only

6    sufficiently allege the use of an ATDS that transmits text messages *en masse*. Opp. at 4-5.

7         To assess whether the use of an ATDS has been sufficiently pled, courts have found the

8    following allegations to be instructive: the use of a machine with the capacity to store or produce

9    random telephone numbers, the text message was sent *en masse*, the appearance of a form

10   message, the message requests the recipient to send a "YES" response, the message can be

11   interpreted as generic or impersonal, and the message was sent from an SMS short code. See

12   Meyer v. Bebe Stores, Inc., 2015 WL 431148, at *4 (N.D. Cal. Feb. 2, 2015) (Gonzalez Rogers,

13   J.) (collecting cases); In re Jiffy Lube Int'l, Inc., Text Spam Litig., 847 F. Supp. 2d 1253, 1260

14   (S.D. Cal. 2012). Additionally, courts recognize "the difficulty a plaintiff faces in knowing the

15   type of calling system used without the benefit of discovery," thus courts may rely on details about

16   the call to infer the use of an ATDS. Knutson v. Reply!, Inc., 2011 WL 1447756, at *1 (S.D. Cal.

17   Apr. 13, 2011). See Meyer, 2015 WL 431148, at *4; Jordan v. Nationstar Mortg. LLC, 2014 WL

18   5359000, at *7 (N.D. Cal. Oct. 20, 2014) (Orrick, J.).

19        Here, Plaintiff alleges that Defendant sends unauthorized text message calls to the cellular

20   telephones of consumers throughout the country. Compl. at ¶¶ 1, 15. He alleges the short code

21   from which the message was transmitted, and the content of the message. Id. at ¶ 17. Plaintiff

22   further alleges that the use of a short code enabled Defendant's mass transmission of the message

23   to a list of cellular telephone numbers. Id. at ¶ 18. Given these allegations, Plaintiff sufficiently

24   alleges that the text message is impersonal because there is no indication that the message is

25   specific to Plaintiff, and the message contains generic content. Moreover, Plaintiff sufficiently

26

27                                                5

28   Case No.  5:14-CV-02321-EJD
     ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STAY
     PROCEEDINGS

United States District Court
Northern District of California

1    alleges that the message was sent *en masse* to a host of persons nationwide, and that it was sent

2    from a short code.  Therefore, Plaintiff has sufficiently alleged the use of an ATDS.

3         Accordingly, Plaintiff has sufficiently pled a TCPA claim.  Thus, Defendant's Motion to

4    Dismiss is DENIED.

5    **B.    Motion to Stay Proceedings Based on the Doctrine of Primary Jurisdiction**

6         Alternatively, Defendant moves to stay proceedings based on the doctrine of primary

7    jurisdiction because the FCC, the administrative body with regulatory authority to interpret and

8    clarify the TCPA, is currently considering four declaratory rulings that may directly implicate this

9    action.

10        The Ninth Circuit has provided that "[t]he primary jurisdiction doctrine prescribes

11   deference to an administrative agency where (1) the issue is not within the conventional

12   experiences of judges, (2) the issue involves technical or policy considerations within the agency's

13   particular field of expertise, (3) the issue is particularly within the agency's discretion, or (4) there

14   exists a substantial danger of inconsistent rulings."  Maronyan v. Toyota Motor Sales, U.S.A.,

15   Inc., 658 F.3d 1038, 1048-49 (9th Cir. 2011) (internal quotations omitted).

16        In its motion, Defendant advances four arguments.  First, Defendant argues that the

17   petitions pending before the FCC are expected to clarify the definition and scope of an ATDS.[3]

18   Mot. at 12.  Second, it claims that determining the appropriate scope of the ATDS definition is

19   squarely within the FCC's purview.  Id. at 13.  Third, it contends that the FCC's decisions on the

20

21   ─────────────────────
     [3] Public Notice, Consumer and Governmental Affairs Bureau Seeks Comment on Petition for
22   Expedited Declaratory Ruling from YouMail, Inc., CG Dkt. No. 02-278 (Aug. 9, 2013). See also,
     Professional Association for Customer Engagement's Petition for Expedited Declaratory Ruling
23   and/or Expedited Rulemaking, In re Rules and Regulations Implementing the Telephone
     Consumer Protection Act of 1991, CG Dkt. No. 02-278 (Oct. 18, 2013); Petition of Glide Talk,
24   Ltd. For Expedited Declaratory Ruling at 2-3, In re Rules and Regulations Implementing the
     Telephone Consumer Protection Act of 1991, CG Dkt. No. 02-278 (Oct. 28, 2013); TextMe, Inc.
25   Petition for Expedited Declaratory Ruling and Clarification at 4-6, In re Rules and Regulations
     Implementing the Telephone Consumer Protection Act of 1991, CG Dkt. No. 02-278 (Mar. 18,
26   2014).

27                                                                  6

28   Case No.  5:14-CV-02321-EJD
     ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STAY
     PROCEEDINGS

United States District Court
Northern District of California

1   pending petitions will bear on issues central to Plaintiff's claim, such as whether the equipment

2   must have the capacity to randomly generate and dial telephone numbers at the time the call or

3   text message is actually transmitted, and whether an app provider that enables its users to send text

4   message invitations to friends "makes" a call subject to the TCPA.  Id.  Fourth, Defendant argues

5   that the FCC's determination of the pending petitions could affect the scope and timing of

6   discovery, and influence the class certification process.  Id. at 14.  Defendant further argues that

7   Plaintiff will not suffer prejudice if a stay is granted.  Id. at 15.

8          Considering the factors set forth by the Ninth Circuit, a stay is not warranted in this case.

9   While the FCC may be currently considering petitions regarding the definition and scope of the

10   ATDS, this is not an issue of first impression.  The Ninth Circuit and district courts in this

11   jurisdiction have already considered the definition of an ATDS and have allowed TCPA lawsuits

12   to proceed.  See generally Gomez v. Campbell-Ewald Co., 768 F.3d 871 (9th Cir. 2014)

13   (reviewing a TCPA summary judgment appeal); Thomas v. Taco Bell Corp., 582 Fed. Appx. 678

14   (9th Cir. 2014) (reviewing a TCPA motion-to-dismiss appeal pertaining to theories of liability).

15   See also Jordan, 2014 WL 5359000, at*8-10 (discussing ATDS definition and denying motion to

16   stay); Alvarado v. Bay Area Credit Serv., 2015 WL 224950, at*2 (N.D. Cal. Jan. 16, 2015) (Conti,

17   J.) (denying motion to stay because primary jurisdiction is not warranted); McKenna v.

18   WhisperText, 2014 WL 4905629, at*4 (N.D. Cal. Sept. 29, 2014) (Grewal, J.) (holding that FCC's

19   review of petitions seeking clarification on ATDS is not sufficient to warrant a stay).  Moreover,

20   the definition of an ATDS does not involve a technical or policy consideration within the FCC's

21   particular field of expertise since the Ninth Circuit has already stated that the statutory language is

22   clear and unambiguous.  See Satterfield, 569 F.3d at 951.  Furthermore, there is minimal danger of

23   inconsistent rulings since the courts' interpretation of ATDS have been consistent with the FCC,

24   and a stay for an indeterminate amount of time would result in delay and prejudice towards

25   Plaintiff.  See Alvarado, 2015 WL 224950, at *2 (noting that there is no indication the FCC will

26

27                                                7

28   Case No.  5:14-CV-02321-EJD
     ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STAY
     PROCEEDINGS

United States District Court
Northern District of California

soon decide the issues before it, thus the delay will increase prejudice towards the plaintiff).

In sum, there is no sufficient reason to warrant a stay in this action.  Accordingly,

Defendant's Motion to Stay Proceedings is DENIED.

**IV.      CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED and its Motion to

Stay Proceedings is DENIED.  Defendant shall file an answer within fifteen days of the date of

this order.

The Court schedules this case for a case management conference at **10:00 a.m. on March**

**26, 2015**.  The parties shall file a joint case management conference statement on or before March

19, 2015.


**IT IS SO ORDERED**.

Dated: March 11, 2015

_____

EDWARD J. DAVILA

United States District Judge

Case No.  5:14-CV-02321-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING MOTION TO STAY
PROCEEDINGS